UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2022 OCT 19  A 10: 50

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

LEE CUNNINGHAM,

      Plaintiff,

v.

SOUTHERN POWER COMPANY,
d/b/a ALABAMA POWER COMPANY,

      Defendants.

CASE NO.:
2:22-cv-00621-MHT-CWB

JURY TRIAL DEMANDED

---

## **COMPLAINT**

Plaintiff, Lee Cunningham (hereinafter "Plaintiff"), appearing *pro se* brings suit against

Defendants, Southern Power Company d/b/a Alabama Power Company (hereinafter

"Defendant")  and in support there of respectfully alleges violations of the Federal

Telephone Consumer Protection Act 47 U.S.C. 227 *et seq.* ("TCPA") and state law

claims arising out of Defendants unjust enrichment by its taking of monetary funds

belonging to the Plaintiff.

## **JURISDICTION AND VENUE**

1.    Jurisdiction and venue, for purposes of this action, are appropriate and conferred by

28 U.S.C 1331, Federal Question Jurisdiction, as this action involves violations of the Telephone Consumer Protection Act.

2.     Subject matter jurisdiction and federal question jurisdiction, for purposes of this action, are appropriate and conferred by 28 U.S.C. 1331, which provides that the District Courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States; and, this action involves violations of 47 U.S.C 227(b)(1)(A)(iii). See Mims v. Arrow Fin. Servs, LLC, S.Ct. 740, 748 (2012) and Osorio V. State Farm Bank, F.S.B., 746 F.3d 1242, 1249 (11th Cir. 2014).  15 U.S.C 1601. This Court has jurisdiction to hear state law claims pursuant to 28 U.S.C 1367.

3.     The alleged violations described herein occurred within this judicial district. Accordingly, venue is appropriate with this Court under 28 U.S.C 1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## INTRODUCTION

4.   The TCPA was enacted to prevent companies like Defendants from invading the privacy of American citizens and to prevent abusive "robo-calls."

5.   "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." Mims v. Arrow Fin. Servs., LLC, 132 S.Ct 740 (2012).

6.   "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the

telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B., 746 F. 3d 1242 (11th Cir. 2014)*.

7.     According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaints to the FCC.   There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones, Federal Communications Commission, (May 27, 2015),

https://apps.fcc.gov/edocs_public/attachmatch/DOC-333676A1.pdf


## FACTUAL ALLEGATIONS

8.     Plaintiff is a natural person and citizen of the State of Alabama.

9.   Plaintiff is the "called party." See Breslow v. Wells Fargo Bank, N.A., 755 F. 3d. 1265 (11th Cir. 2014) and Osorio v. State Farm Bank, F.S.B., 746 F.3d 1242 (11th Cir. 2014).

10.     Defendant is a corporation responsible for attempting to collect an alleged consumer debt from Plaintiff.

11.    Defendant,  is a foreign corporation whose registered office street address is 641 South Lawrence Street Montgomery AL, 36104 within the Middle District of Alabama, and which conducts business throughout the State of Alabama including this judicial district.

12.    Plaintiff is the subscriber, regular user and carrier of the cellular telephone numbers at issue in this action, (205) XXX-6900 , and (205) XXX-0606.

13.    Defendants' intentionally, knowingly and/or willfully harassed and abused Plaintiff on numerous occasions by calling Plaintiff's cellular telephone, within the last four years, with such frequency as can reasonably be expected to harass and in effort to collect upon an alleged debt.

14.    Upon information and belief, some or all of the calls Defendant's placed to Plaintiff's cellular telephone were placed using an " automatic telephone dialing system" (herein after "Autodialer") which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C. 227(a)(1) (hereinafter "autodialer calls").

16.    Furthermore, each of the calls at issue were placed by Defendant using an artificial or prerecorded voice, as specified by the TCPA, 47 U.S.C. 227(B)(1)(A).

17.    Since early 2018, Defendants have called Plaintiff's cellular telephone  in attempt to collect an alleged debt without his express or implied consent.

18.    Upon receipt of the calls, Plaintiff's caller identification feature identified the calls were being initiated from, but not limited to, the phone numbers 1-800-245-2244.

19.    On several occasions over the last four years, Plaintiff instructed Defendant's agents to stop calling his cellular telephone.

20.    Upon Plaintiff's receipt of one such call from Defendants' artificial or prerecorded message, held on the line to be connected to a live agent/representative and informed said agent/representative to immediately cease all calls to his cellular telephone; furthermore, Plaintiff informed Defendants' aforementioned agent/representative that its incessant calls were harassing him and demanded Defendants immediately cease all calls to his cellular telephone; thereby, unequivocally revoking any previously perceived expressed consent to be called using Defendant's ATDS (including a predictive dialer), artificial voice or prerecorded message.

21.    During the aforementioned phone conversation with Defendants' agent/representative, Plaintiff explicitly revoked any previously perceived expressed consent Defendants may have believed it had for placement of telephone calls to Plaintiff's cellular telephone by the use of an ATDS or artificial voice or prerecorded message.

22.    Each subsequent call Defendants placed to Plaintiff's cellular telephone was done so after he revoked consent and without the express consent of Plaintiff.

23.    Each subsequent call Defendants placed to Plaintiff's cellular telephone was knowingly and willfully placed to his cellular telephone without express consent.

24.    Plaintiff continued to experience and receive unwanted and harassing calls from the Defendant's.

25.    On multiple occasions, Plaintiff informed Defendants to immediately cease calling his cellular telephone; however, despite these attempts. Defendants' calls to Plaintiff's cellular telephone continued.

26.    Due to the volume of calls Plaintiff received, Plaintiff was unable to maintain a fully contemporaneous call log of each and every call he received from Defendants.

27.    Defendants have, or should be in possession and/or control of, call logs, account notes, "dialer reports" and/or other records that detail the exact number of calls they placed to Plaintiff.

28.    Despite actual knowledge of their wrongdoing, Defendants continued their campaign of abuse by continuing to call Plaintiff despite not having Plaintiff's express consent to call his cellular telephone.

29.    Defendants have corporate policies and/or procedures to use an ATDS (including a predictive dialer) or artificial voice or prerecorded message, and to place autodialed calls, just as they did to Plaintiff's cellular telephone in the case, with no way for the called party and recipient of the calls, including Defendants, to permit, elect, or invoke the removal of Plaintiff's cellular number from Defendants' call list.

30.    The structure of Defendants' corporate policies and procedures permits the continuation of calls to individuals like Plaintiff, despite these individuals revoking any consent, or perceived consent, Defendants may have believed they had to place such calls.

31.    Defendants' corporate policies and procedures provided no means for Plaintiff to have his cellular number removed from Defendants' call list; or, otherwise invoke and/or request the cessation and/or suppression of calls to Plaintiff from Defendants.

32.    Defendants have corporate policies or procedures of using an ATDS (including a predictive dialer) or an artificial voice or prerecorded message to collect alleged debts from individuals, such as Plaintiff, for their financial benefit.

33.    Defendants have had numerous complaints from consumers across the country against them asking to not be called; however, Defendants continue to call consumers.

34.     Defendants have numerous complaints against it, asserting that its ATDS (including a predictive dialer) continues to call individuals who have revoked consent to be called by Defendants.

35.     Defendants knowingly employ methods and/or have corporate policies and/or procedures designed to harass and abuse individuals such as Plaintiff.

36.     Defendants knowingly employ methods that do not permit the cessation or suppression of autodialed calls to Plaintiff's cellular telephone.

37.     None of Defendants' telephone calls placed to Plaintiff were placed for "emergency purposes" as specified in 47 U.S.C 227(b)(1)(A).

38.     As acknowledged by Judge Easterbrook of the Seventh Circuit Court of Appeals in *Patriotic Veterans, Inc. v. Zoeller,* "every call uses some of the phone owner's time and mental energy, both of which are precious." 845 F.3d 303, 305-06 (7th Cir.), cert. Denied sub nom. Patriotic Veterans, Inc. v. Hill, 137 S. Ct. 2321, 198 L.Ed. 2D 715 (2017).

39.     For each call Defendants placed to Plaintiff's cellular telephone without express consent, Plaintiff suffered from the occupation of his cellular telephone and cellular telephone by unwelcome calls which made the cellular phone unavailable for legitimate incoming or outgoing calls.

40.     For each call Defendants placed to Plaintiff's cellular telephone without express consent, Plaintiff suffered from unnecessary expenditure of his time. The time Plaintiff spent on answered calls was unnecessary because he repeatedly asked for calls to stop. Additionally, Plaintiff expended unnecessary time for unanswered calls by dealing with notification and call logs that reflected the unwanted calls, Furthermore, this also impaired the usefulness of the features of Plaintiff's cellular telephone, which are designed to inform the user of important missed communications.

41.     Each and every call placed without express consent by Defendants to Plaintiff's cell phone was an injury in the form of a nuisance and annoyance to the Plaintiff.

42.     Each and every call Defendants placed to Plaintiff's cellular telephone without express consent resulted in the injury of unnecessary expenditure of Plaintiff's cellular telephone battery power.

43.     As a result of aforementioned tenacious phone calls and collection efforts, Plaintiff was affected, both personally and individually, as he experienced an invasion of privacy and the intrusion upon his right of seclusion. Plaintiff also suffered from stress, humiliation, and aggravation due to the phone calls. Furthermore, Plaintiff was hindered by the loss of phone battery life as well as the cost of additional charging, and the intrusion upon and occupation of the capacity of his cell phone. All of the above

mentioned were caused by, and/or directly related to, Defendants/ attempts to collect a consumer debt allegedly owed by the Plaintiff.

44.    In 2022 the Defendant on more than one occasion knowingly accepted and retained monetary funds of the Plaintiff that it knew or should have known that it did not have a right to retain, provided by the Plaintiff. The Plaintiff had an expectation that Defendant would return said funds to him upon demand for which the Defendants have refused. The Plaintiff had a reasonable expectation that the Defendant would return to him funds that did not belong to Defendant but did in fact belong to the Plaintiff which Defendant steadfastly refuses to return for which he claims damages.

## COUNT 1.
## SOUTHERN POWER COMPANY d/b/a ALABAMA POWER COMPANY
### (Violation of TCPA)

45.    Plaintiff incorporates and re alleges paragraphs one (1) through (44) as if fully set forth herein.

46.    Defendant, willfully violated the TCPA with respect to Plaintiff, especially for each of the ATDS (including a predictive dialer) calls it made to Plaintiff's cellular telephone after Plaintiff notified and requested Defendant that he wished for the calls to immediately cease.

47.    Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an ATDS (including a predictive dialer) or artificial voice of prerecorded voice message without Plaintiff's proper express consent and in violation of federal law,

including 47 U.S.C 227(b)(1)(A)(iii).

   **WHEREFORE**,  Plaintiff respectfully demands a trial by jury on all issues so
triable and judgment against Defendant, for statutory damages, punitive damages, actual
damages, treble damages, enjoinder from further violation of the these parts and any
other such relief the court may deem just and proper.

## COUNT 2.
## SOUTHERN POWER COMPANY d/b/a ALABAMA POWER COMPANY
### (Unjust Enrichment)

48.   In September of 2022 and October of 2022 the Defendant did knowingly accept
monetary funds of the Plaintiff. Provided by the Plaintiff who upon demand that said
amount be returned to him refused. The Plaintiff had a reasonable expectation of
Defendants to return to him compensation from the Defendants to which Defendants did
not have any right to be returned to him which was refused by Defendant.

49.   Defendants refusal to return monetary funds improperly held by Defendant has
resulted in financial damages to the Plaintiff.

50.   By and through Defendants refusal to return funds that it knowingly accepted and
and currently retains without proper right of ownership has resulted in the Defendants
being unjustly enriched and Plaintiff to suffer from economic damage and great
emotional distress.

51.   Plaintiff incorporates and re alleges paragraphs one (1) through (50) as if fully set
forth herein.

52.   **WHEREFORE**,  Plaintiff respectfully demands a trial by jury on all issues so

triable and judgment against Defendant, for statutory damages, punitive damages, actual

damages, treble damages, enjoinder from further violation of the these parts and any

other such relief the court may deem just and proper.


Respectfully submitted,

_s/ Lee C_____

*pro se*

Lee Cunningham
28 Thomas Fulgham Rd
Brierfield, Al 35035
205-690-0606
leecunningham@live.com


Defendant is to be served via Certified Mail at:
Southern Power Company
C/o CORporation Service Company
641 South Lawrence Street
Montgomery, AL 36104

Lee Cunningham
28 Thomas Fulgham Rd
Brierfield, AL 35035




UNITED STATES
POSTAL SERVICE®

1028

36104

U.S. POSTAGE PA
FCM LG ENV
MONTEVALLO, AL
35115
OCT 17 22
AMOUNT

**$1.68**

R2305E124989-02

U.S Courthouse
1 Church Street
Montgomery AL 36104