**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **LEE CUNNINGHAM,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.  2:22-cv-621-MHT-CWB** |
| | ) | |
| **SOUTHERN POWER COMPANY** | ) | |
| **d/b/a ALABAMA POWER COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

**I.      Introduction**

Lee Cunningham filed this action on October 19, 2022 (Doc. 1) and simultaneously sought leave to proceed *in forma pauperis* (Doc. 2).  Referral then was made to the undersigned Magistrate Judge "for consideration and disposition or recommendation on all pretrial matters as may be appropriate."  (Doc. 4).  Following threshold review pursuant to 28 U.S.C. § 1915(e), the undersigned directed that process be served upon the defendant designated in the Complaint as "Southern Power Company d/b/a Alabama Power Company."  (Doc. 8).

In its Answer, however, Southern Power Company "denie[d] that it does business as Alabama Power Company" and "denie[d] that it has had any relationship or contact with Plaintiff." (Doc. 12 at p. 1).  In the Report of Parties' Planning Meeting (Doc. 22) and the Supplemental Report of Parties' Planning Meeting (Doc. 23), Southern Power Company again avowed that "it had no involvement in the alleged conduct and is not a proper defendant to this action." (Doc. 22 at p. 2, ¶ 2.b.; Doc. 23 at p. 2, ¶ 2.b.).  Southern Power Company instead contends that Alabama Power is the entity responsible for the conduct at issue and that Alabama Power would be the only proper defendant.  (Doc. 22 at p. 2, ¶ 2.b.; Doc. 23 at pp. 2-3, ¶ 2.b.).  At the request

of Southern Power Company (Doc. 22 at p. 3, ¶ 4; Doc. 23 at p. 4, ¶ 4), a status conference was held on April 13, 2023 "to discuss substitution of parties" (Doc. 24).

Southern Power Company reiterated at the status conference its position that it should be dismissed and that Alabama Power should be substituted as the sole party defendant.  (Doc. 25).  For his part, Plaintiff expressed a need for discovery in order to bear out a claim against Southern Power Company.  (*Id*.).  After questioning whether any procedural vehicle existed for a threshold dismissal, the undersigned afforded Southern Power Company a period of two weeks to raise any grounds that potentially would support such a dismissal prior to discovery.  (*Id*.).

On April 27, 2023, Southern Power Company filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment.  (Doc. 26.)  The pending motion invokes the authority of 28 U.S.C. § 1915(e), which requires that "the court shall dismiss the case <u>at any time</u> if the court determines that ... the action or appeal– (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B) (emphasis added).  Southern Power Company asserts that Plaintiff's claims against it are "frivolous" for § 1915(e) purposes because it had no relationship with Plaintiff and did not engage in the conduct alleged in the Complaint.  (Doc. 26 at pp. 2-4).  According to Southern Power Company, "Plaintiff is well aware that his residential electrical service is with Alabama Power Company—not Southern Power—and it was Alabama Power—not Southern Power—that allegedly called Plaintiff and to which Plaintiff allegedly made the payments at issue."  (*Id*. at p. 2).  Because its motion was supported by various evidentiary materials (Docs. 26-1 through 26-3), Southern Power Company alternatively requested an entry of summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.  (Doc. 26 at pp. 1, 11-14).

By Order entered May 2, 2023, the undersigned directed Plaintiff to show cause as to why Southern Power Company's motion should not be granted.  (Doc. 27).  Plaintiff specifically was instructed that he "should not rely on his unsworn pleadings but must additionally submit sworn/verified statements made under penalty of perjury, along with any other evidentiary materials that would support his claims against Southern Power Company." (*Id.*).  Plaintiff also was cautioned regarding his obligations under Rule 11 of the Federal Rules of Civil Procedure. (*Id.*).

Plaintiff timely submitted a Response in Opposition (Doc. 29) stating that a dispositive motion was premature.  Plaintiff's response was accompanied by a Motion to Allow Time for Discovery under Rule 56(d) in order to permit him "to present evidence that is essential to his claims and to rebut the defenses of the Defendants." (Doc. 30).  Plaintiff additionally submitted a sworn declaration that among other averments represented as follows:

8. I was contacted by the Defendant via Telephone and Text Message. Upon informing the Defendant, that I the Plaintiff, wanted all contact to stop. Defendant continued to call and text my cellular telephone.

9. The Defendant is in possession, custody and or control of relevant factual material related to this case, and has not turned over a single document to the Plaintiff.

10. The Defendant has not produced any individuals with facts and knowledge of the Defenses of the Defendant to be deposed and Plaintiff is entitled to conduct such depositions of the Defendant.

11. The allegations contained within the complaint are true and correct and discovery will reveal factual support for all contentions contained therein.

***

14. I, the Plaintiff, was only made aware of the contentions of Defendants on April 27, 2023 and must be allowed to begin to conduct fact discovery in this case necessary to rebut the Defendants declarations.

3

15. I, the Plaintiff, being allowed to conduct discovery related to all of the above stated is critical to rebutting the assertions made by the Defendants and granting the Defendants motion without allowing the Plaintiff and opportunity to gather relevant, material and pertinent factual matter would be manifestly unjust.

(Doc. 30-1).  Southern Power Company in turn submitted a reply (Doc. 31) asserting that Plaintiff's submissions and declarations are insufficient to allow his claims to proceed—at least against Southern Power Company.

For the reasons explained in greater detail below, the Magistrate Judge recommends that the Motion to Dismiss or, in the Alternative, Motion for Summary Judgment be granted.

## II.      28 U.S.C. § 1915

When a plaintiff is permitted to proceed *in forma pauperis* without prepayment of fees or security, the court is charged with an affirmative duty to dismiss the action if it is determined to be "frivolous."  *See* 28 U.S.C. § 1915(e)(2).  That power is the fruit of Congressional recognition that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  "[A] complaint … is frivolous where it lacks an arguable basis either in law or in fact."  *Id*. at 325.  Whether a complaint should be deemed frivolous for purposes of § 1915 review is within the sound discretion of the district court. *See Mooreland v. Wharton*, 899 F.2d 1168, 1170 (11th Cir. 1990) ("[A] district judge is uniquely qualified to decide the likelihood that a lawsuit will succeed on the merits.").

Plaintiff contends that the court may not properly consider dismissal at this early stage, yet "the court is not bound [on § 1915 review], as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations."  *Denton v. Hernandez*, 504 U.S. 25 (1992).  Rather, it is recognized that § 1915 "accords … the unusual power to pierce the veil of the complaint's factual allegations."  *Id*. at 327; *Sun v. Forrester*,

939 F2d 924, 926 (11th Cir. 1991) ("[T]his court has held that a district court's 'authority to dismiss a complaint as frivolous under section 1915(d) [now 1915(e)] is broader than dismissal under Fed. R. Civ.P. 12.'") (quoting *Harris v. Menendez*, 817 F.2d 737, 739-40 (11th Cir. 1987)). Despite the broad authority granted under § 1915, however, an action can only be dismissed as factually frivolous where the factual allegations are "clearly baseless." *Neitzke*, 490 U.S. at 327.

Although § 1915 review "cannot serve as a factfinding process for the resolution of disputed facts" and "must be weighted in favor of the plaintiff," *Denton*, 504 U.S. at 32, threshold dismissal is permissible as long as the court "has conducted a 'sufficient inquiry' to determine whether the plaintiff's realistic chances of ultimate success are slight." *Mooreland*, 889 F.2d at 1171 (quoting *Menendez*, 817 F.2d at 740); *see also Phillips v. Mashburn*, 746 F.2d 782, 784 (11th Cir. 1984) (explaining that the district court must develop enough facts to be satisfied that dismissal as "frivolous" is warranted). The dismissal power under § 1915 thus serves as "a special measure of control" aimed at ensuring that *in forma pauperis* status is not abused. *Phillips*, 746 F.2d at 784 ("[I]ndigents, unlike other litigants, approach the courts in a context where they have nothing to lose and everything to gain. The temptation to file complaints that contain facts which cannot be proved is obviously stronger in such a situation.") (citation omitted).

## III.   Discussion

Plaintiff asserts two claims in this action: (1) a claim for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*.; and (2) a claim for unjust enrichment. (Doc. 1). Both claims arise out of "attempting to collect an alleged consumer debt from Plaintiff." (*Id*. at p. 3, ¶ 10). Plaintiff continues to designate "Southern Power Company d/b/a Alabama Power Company" as the proper defendant. (*Id*. at p. 1).

Plaintiff contends that Southern Power Company d/b/a Alabama Power Company "intentionally, knowingly and/or willfully harassed and abused Plaintiff on numerous occasions by calling Plaintiff's cellular telephone, within the last four years, with such frequency as can reasonably be expected to harass and in effort to collect upon an alleged debt." (*Id.* at p. 4, ¶ 13). Plaintiff additionally contends that payments were made in September 2022 and October 2022 that should be refunded. (*Id.* at p. 11, ¶ 48).

The crux of the argument presented by Southern Power Company is that it is simply the incorrect defendant. To support that position, Southern Power Company has submitted a sworn Declaration regarding the nature of its business operations. (Doc. 26-3). Southern Power Company apparently "develops, constructs, acquires, and manages power generation assets … and sells electricity to corporations, municipalities, and utilities on the open wholesale market." (*Id.* at p. 2, ¶ 4). According to Southern Power Company's evidence, "[i]t and Alabama Power are separate legal entities with separate operations, offices, and management teams" and "it does not have direct business dealings with individual and end-use retail consumers such as and including Plaintiff," "does not engage in any direct contact, telephone calls or otherwise, with individual retail consumers such as Plaintiff," and "does not collect money from individual retail electric consumers such as and including Plaintiff." (*Id.* at p. 3, ¶¶ 6-8).

Southern Power Company further directs the court to other proceedings wherein Plaintiff has identified his residential electricity account as being with Alabama Power during the same period at issue in this case. (Doc. 26 at p. 5, ¶ 5; Doc. 26-1 at p. 2, ¶ 6; Doc. 26-2 at p. 2, ¶ 6). The court may take judicial notice of such submissions filed in Plaintiff's prior cases. *See Horne v. Potter,* 392 F. App'x 800, 802 (11th Cir. 2010) ("The district court properly took judicial notice of the documents in Horne's first case, which were public records that were 'not subject to

reasonable dispute' because they were 'capable of accurate and ready determination by resort to sources whose accuracy could not be reasonably questioned.'") (quoting Fed. R. Evid. 201(b)). The court likewise may take judicial notice that the telephone number identified in the Complaint (Doc. 1 at p. 5, ¶ 18) is publicly listed as the customer service line for Alabama Power. Not only that, Plaintiff readily admitted at the April 13, 2023 status conference that all of the asserted allegations relate to his residential electricity account with Alabama Power.

So the issue now is whether Plaintiff should be permitted to proceed against Southern Power Company and put Southern Power Company through the time-consuming and expensive paces of discovery when Plaintiff has not pleaded any facts or offered any evidence to support a belief that Alabama Power is actually a "d/b/a" of Southern Power Company. Under the particular circumstances presented, the undersigned is of the view that Plaintiff's naked allegations against Southern Power Company are "clearly baseless" and subject to threshold dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as "frivolous." *Neitzke*, 490 U.S. at 327. In short, there is no factual suggestion in the record that Alabama Power is a "d/b/a" of Southern Power Company or that Southern Power Company otherwise has any connection with the underlying conduct. (Doc. 26-3 at p. 4, ¶ 15).

This is not an instance where the court is required to weigh competing facts or make a credibility determination. Plaintiff has offered <u>no facts</u> to demonstrate that a claim lies against Southern Power Company. The facts alleged by Plaintiff instead tend to corroborate the sworn evidence presented by Southern Power Company and those facts of which the court takes judicial notice. Plaintiff's continued, unsupported belief that Southern Power Company is the proper defendant, combined with an unwillingness to even add Alabama Power as a defendant, sufficiently rises to § 1915's prohibited level of "fanciful," "fantastic," "delusional," "irrational,"

and "wholly incredible." *See Neitzke*, 490 U.S. at 325 & 328 and *Denton*, 504 U.S. at 25; *see also Clark v. State of Ga. Pardons and Paroles Bd.,* 915 F.2d 636, 640 (11th Cir. 1990) ("More important, *Neitzke* does not purport to address or to limit the full range of circumstances that might make an IFP case frivolous.").[1]

"Section 1915(d) [now § 1915(e)] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke*, 490 U.S. at 328. Dismissing Plaintiff's claims against Southern Power Company would promote the intended balance between ensuring that indigent status does not preclude a plaintiff from "meaningful access to the federal courts" and simultaneously protecting defendants against "abusive or captious litigation." *Id*. at 324. Conversely, allowing the claims to proceed would be an exercise in futility and would impose the type of burden upon Southern Power Company that § 1915(e) was designed to prevent.

## IV.    Conclusion

Accordingly, it is the **RECOMMENDATION** of the undersigned Magistrate Judge that the Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (Doc. 26) be granted to the extent that the Complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). However, Plaintiff should be afforded an opportunity to name Alabama Power as a defendant by amendment prior to the dismissal of Southern Power Company. *See* Fed. R. Civ. P. 15(c).

---

[1] The undersigned notes that the recommended dismissal is not based upon acceptance of the facts set forth in the sworn Declaration submitted by Southern Power Company. Dismissal is warranted because Plaintiff has presented nothing to implicate Southern Power Company. The undersigned specifically notes that, despite being afforded the opportunity, Plaintiff presented no evidence or factual allegations to suggest that Alabama Power is a "d/b/a" of Southern Power Company or to otherwise call into question Southern Power Company's averred lack of involvement with the underlying conduct.

It is **ORDERED** that any objections to this Recommendation must be filed no later than July 21, 2023.  An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice.   11th Cir. R. 3-1; *see Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

**DONE** this the 7th day of July 2023.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**